## John Holman v. Rhoda Gillette.

*Sale of exempt chattels: Written consent of wife.* Under the statutes of Michigan, a sale by the husband, of a personal chattel, exempt by law from execution, without the *written* consent of the wife, is valid. Defendant in error brought replevin to recover a cow sold by her husband, the cow being exempt from sale under execution. On the trial, the court below refused to admit evidence offered by defendant to show, that she was present at the sale, and assented to the same:—

  *Held,* That this was error, as a written consent on her part was unnecessary.
—*Dann v. Cudney,* 13 *Mich.,* 239.

*Heard April 3. Decided April 10.*

Error to Kent Circuit.

*Taylor & Eddy,* for plaintiff in error.

*Rogers, Clay & Sliter,* for defendant in error.

CHRISTIANCY, CH. J.

The plaintiff in this case was a married woman, and brought her action of replevin to recover a cow sold by her husband to the defendant, the cow being exempt by law from a sale on execution. The only question necessary to the decision of the case is, whether the husband could make a valid sale of the property, with the verbal, but without the written, assent of the wife to the sale.

The only law under which she could possibly claim to maintain the action—there being no other alluding in any way to the subject—is the third section of the act of February 13, 1855, as amended by the act of February 16, 1857 (*Comp. L.,* § *3294*), which is in the following words: "Actions may be brought by and against a married woman in relation to her sole property, in the same manner as if she were unmarried; and in cases where the property of the husband cannot be sold, mortgaged, or otherwise encumbered without the consent of his wife, to be given in the

manner prescribed by law, or when his property is exempted by law from sale on execution or other final process issued from any court against him, his wife may bring an action in her own name, with the like effect as in cases of actions in relation to her sole property as aforesaid."

The only laws which can be claimed in any manner to restrain the husband's right (in ordinary cases like the present) to make any disposition he may· choose of his personal property without the written assent of the wife, are: *First, Subdivision 9 of § 27, Chapter 131, Compiled Laws*; and *second, Section 3 of the act of 1855* (as amended), above set forth. The first (§ 27), provides, in reference to property exempt from execution, that, "any *chattel mortgage*, bill of sale *or other lien* created upon" such property "shall be void, unless such mortgage, bill of sale or lien be signed by the wife of the party making such mortgage or lien (if he have one)."

Now we think it quite evident that this provision refers only to such conveyances, pledges or conditional sales, as are intended as security, or which give a lien for that purpose, and not to absolute sales which are by no statute required to be in writing; and that so far as this provision is concerned, it does not interfere with the right of the husband to make an absolute sale of such property, as he may of personal property not thus exempt, there being no statute requiring such sale to be in writing.

As to section three of the act of 1855 (as amended), it is apparent from what has already been said, that that portion of it which speaks of the assent of the wife, " in the manner prescribed by law," does not require the assent of the wife in writing to such sale, as there is no law requiring such sale to be in writing, and there is nothing in *Section 27, Chapter 131, Compiled Laws*, requiring her assent in any way.

If the latter part of section three of the act of 1855 (as amended) requires, by implication, the consent of the wife at all, to an absolute sale by the husband, of property exempt from execution, there certainly is nothing in it which requires either the sale by the husband or her assent to it, to be in writing. Putting, therefore, upon this portion of the section the most favorable construction for the wife that can be claimed for it, it certainly places her in no better position, as to her assent to the sale, than she occupies with reference to her own separate and sole property under the act of 1855 ; and as to that, her written assent to the sale is not necessary, when the sale is made by the husband with her assent without writing. See *Dann v. Cudney, 13 Mich., 239.*

We think, therefore, the court clearly erred in refusing the evidence offered by the defendant to show that the plaintiff was present at the sale, assenting to, and approving it ; urged and encouraged it, and assisted in the transfer and delivery.

As the case was not argued for defendant in error, we think it best not to notice the other points raised.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.