THE SINGER MANUFACTURING COMPANY v. ELIZABETH
CULLATON.

*Exemptions—Sewing-machine—Rights of wife—Conditional sale.*

1. A sewing-machine, though exempt from levy and sale on execu-
tion under How. Stat. § 7717, is not covered by the ninth sub-
division of How. Stat. § 7686, which declares that any chattel
mortgage or bill of sale, executed by a husband, of any of the
exempt property described in said section 7686, except subdi-
vision .8, shall be void unless signed by the wife.

2. How. Stat. § 6297, which authorizes a married woman to sue
in her own name for exempt property seized on execution
against her husband, only applies where the property is taken ·
by some process adversary to the husband.

3. Defendant's husband purchased a sewing-machine of one of
plaintiff's agents, who received an old machine in part pay-
ment, and accepted the husband's note for the remainder of
the purchase price, subject to a condition stated in the note
that it was received subject to the approval of the plaintiff.
During the summer following the sale plaintiff's agents visited
defendant's house several times, and instructed her in the use
of the machine. No notice of disapproval was given until
about seven months after the sale, when plaintiff tendered to
the husband his note, but not the old machine. And it is held
that the delay was unreasonable, and that the title to the ,
machine passed to the purchaser.

Error to Livingston. (Person, J.) Argued February
4, 1892. Decided March 18, 1892.

Replevin. Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*W. C. Beckwith,* for appellant.

*Luke S. Montague,* for defendant.

GRANT, J. January 18, 1890, plaintiff, through its
agent at Howell, Mich., sold to the. defendant's husband

the sewing-machine here in controversy. The price was $55, and as part payment plaintiff received an old sewing-machine at the agreed price of $17.50. Mr. Cullaton gave his promissory note for the balance, payable April 1, 1891. It was specified in the note that it was received as a conditional settlement for the machine, and subject to the approval of the plaintiff at Chicago, Ill. The machine was delivered, and was used in defendant's family until it was taken from her under the writ of replevin issued in this case. No other sewing-machine was owned or possessed by the defendant's family.

During the summer after the sale plaintiff's agents several times went to the defendant's house, and gave her instructions in the use of the machine. No disapproval of the sale was made until August following. Plaintiff then, through its agent, tendered to Mr. Cullaton the note, but did not tender back the old machine. No further payment was made upon the note. In August plaintiff's agent went to Mr. Cullaton, returned to him the note, and obtained from him an agreement reciting that he, Mr. Cullaton, had received the machine in question, agreeing to use it with care, and to pay for its use $17.50 (the amount paid on the note), and $3 per month thereafter. Upon failure to comply with these and certain other conditions he agreed to return the same, and authorized the plaintiff to retake it. The contract also contained a clause authorizing Mr. Cullaton to purchase the machine upon payment of the price, in which event the money paid as rent was to be deducted therefrom.

Shortly after this, Mr. Cullaton died. Plaintiff demanded the property from the defendant, and, upon her refusal to surrender it, brought this suit.

Verdict and judgment were rendered for defendant.

1. Plaintiff did not, within a reasonable time, notify Mr. Cullaton of its disapproval of the sale, nor within

such time tender back the note and the old machine; therefore the title passed to Mr. Cullaton, and the machine came within the exemption provided by How. Stat. § 7717.

2. The second agreement did not operate as a transfer of the title from Mr. Cullaton to the plaintiff. It was not a sale by him to the plaintiff. There was no delivery. The machine remained in the possession of the family. It was intended as a security for the purchase price of the machine. Defendant's right, under the exemption law, had attached; and, if the machine had been seized under any adversary proceeding, she could have maintained a suit to recover its possession. *Ingersoll v. Gage*, 47 Mich. 122.

The important question, however, is whether this contract made by the husband is valid without the assent of the wife. Defendant's counsel insists that this machine falls within the provision of section 7686, How. Stat. There are nine subdivisions of this section, which specify the property exempt from levy and sale on execution. The ninth subdivision provides that—

"Any chattel mortgage, bill of sale, or other lien created on any part of property above described, except such as is mentioned in the eighth subdivision of this section, shall be void unless signed by the wife," etc.

This limitation of the husband's right to sell is in derogation of his common-law right, and is expressly limited by the statute to the property therein mentioned. This statute exempting a sewing-machine from levy and sale on execution is a separate and distinct provision. It is not made as an amendment to section 7686. Standing by itself, it does not impair the right of the husband to sell. The Legislature might properly have amended section 7686 by inserting in it the exemption of a sewing-

machine. They did not see fit to do so. I can find no rule of construction to justify a court in holding that the Legislature intended to take away this right from the husband. The Legislature, in enacting section 7686, saw fit to make mortgages, bills of sale, and other liens upon certain articles of exempt property void without the wife's signature, but left that right existing as to other exempt articles. If it can be held that the Legislature intended to bring a sewing-machine within the provisions of section 7686, how can courts say that the Legislature would not have placed it within the eighth subdivision instead of the other subdivisions?

But it is claimed that section 6297 gives defendant the right to bring this action in her own name. This section provides that—

"When his [the husband's] property is exempted by law from sale on execution or other final process issued from any court against him, his wife may bring an action in her own name."

This statute does not include voluntary sales by the husband, but only cases where the property is taken by some process adversary to him.

A sewing-machine is certainly within the beneficent intention of the exemption law, but the common-law right of alienation must remain until the Legislature see fit to remove it.

Judgment reversed, and new trial ordered.

The other Justices concurred.