THE COLUMBIA ROLLING MILL COMPANY v. THE BECK-ETT FOUNDRY AND MACHINE COMPANY.

When goods are manufactured or sold, and delivered subject to the approval of the purchaser, it is incumbent upon him, unless he approves, to express disapproval within a reasonable time or within the time limited by the contract, and the absence of such expression is sufficient evidence of approval, or at least of a waiver of the right to insist upon approval as a condition precedent to a recovery by the seller.

On error to the Hudson Circuit Court.

Argued at November Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER and DIXON.

For the plaintiff, *James B. Vredenburgh.*

For the defendant, *Gilbert Collins.*

The opinion of the court was delivered by

DIXON, J.   This action was brought to recover the price of certain machinery manufactured by the plaintiff for the defendant, under a written contract, dated January 13th, 1890.   The contract required the plaintiff to deliver the

machinery, free, on board of cars at the Erie station in Jersey City, and contained the following clause: " The whole or any part of the above work, before being paid for, shall be subject to the approval of the general manager of the [defendant] company, Mr. W. L. Brockway; payments to be made, 70 per cent. 30 days after date of each delivery, and the balance, 30 per cent., when the machinery is in working order, but time shall not exceed 90 days after date of last delivery at Erie station."

The machinery consisted of a fly-wheel, two gears, a pinion, six pillow blocks, two sole plates, two shafts, and anchors and anchor bolts. The earliest delivery was made about April 7th, 1890, and the last about June 20th, 1890.

At the trial in the Hudson Circuit, the defendant requested the court to nonsuit the plaintiff for want of evidence of approval by the general manager, and to direct a verdict for the defendant, on the same ground, and also asked the court to charge the jury that, " in order that they may find anything for the plaintiff, they must first find that the plaintiff has obtained the approval of Mr. Brockway, as required by the contract, or that such approval was fraudulently withheld."

On the refusal of the court to comply with these requests are based the second, eighteenth and nineteenth assignments of error, which, with the twentieth, are the only assignments discussed before us by counsel for the defendant.

These assignments are not well founded.

Under a proper construction of the clause in the contract above quoted, it did not impose upon the plaintiff the duty of showing affirmatively the approval of the defendant's general manager. When goods are manufactured or sold, and delivered subject to approval, it is incumbent on the purchaser, unless he approves, to express disapproval within a reasonable time or within the time limited by the contract, and the absence of such expression is sufficient evidence of approval, or at least of a waiver of the right to insist upon approval as a condition precedent to a recovery by the seller.

*Couston* v. *Chapman, L. R.,* 2 *Sc. App.* 250 ; *Blackb. Sales* 196 ; 2 *Benj. Sales,* § 911 (*Corbin's ed.*) ; *Humphries* v. *Carvalho,* 15 *East* 45 ; *Dewey* v. *Erie,* 14 *Pa. St.* 211 ; *Smalley* v. *Hendrickson,* 5 *Dutcher* 371 ; *Prairie Farmer Co.* v. *Taylor,* 69 *Ill.* 440 ; *Singer Manufacturing Co.* v. *Cullaton,* 51 *N. W. Rep.* 687, 90 *Mich.* 639.

In the present case the contract fixed the limit of the time within which disapproval was to be declared. In effect it provided that, if the general manager did not disapprove of any particular machinery delivered, within thirty days after its delivery, then seventy per cent. of the price of that machinery would become due, and if he did not disapprove within ninety days after the last delivery, then the balance of the price should become due.

The testimony shows that no cause for disapproval was discovered or thought of by Mr. Brockway before September 12th, 1890, and seems to indicate that no disapproval was expressed by him to the plaintiff before October, 1890, and his disapproval then related to the gears only. Before September 12th, the plaintiff had become entitled to seventy per cent. of the contract price, and if there was no disapproval before October, it had then become entitled to the remaining thirty per cent., subject only to such deduction as should be made for actual defect in the quality of the machinery, if there was any.

It is, therefore, plain that, in this condition of the proof, the want of evidence of express approval by Mr. Brockway could not legally result in a non-suit, in a verdict for the defendant, or in such a charge as the defendant requested.

The twentieth assignment of error sets up the refusal of the court to charge the matters following :

" 1. That the plaintiff can only recover in this case (the contract not having been fully performed) the value of such of the material as is now in use by the defendant, from which amount is to be deducted whatever it has cost the defendant to adapt to its purposes such material.

" 2. That the defendant is entitled to recover from the

plaintiff the damages which it has sustained by reason of the plaintiff failing to perform its contract.

"3. That the plaintiffs not having furnished all the machinery which they contracted to furnish, cannot recover interest upon any amount."

The first of these propositions was faulty, because it called upon the judge to dispose of what were, under the testimony, debatable questions of fact, viz., whether Mr. Brockway had expressed disapproval within ninety days after the last delivery, and whether the gears, which had been discarded by the defendant, were defective when delivered.

The second proposition was substantially charged by the trial judge.

As to the third proposition, we see no reason for holding that the plaintiff was not entitled to interest upon the seventy per cent. of the price, which became due on an ascertainable date, and upon whatever else became due under the contract.

The other assignments, over which counsel at the argument passed without notice, we have examined, but we find in them no errors affecting the rights of the defendant and no questions which we need discuss.

The judgment below should be affirmed.

[Mr. Justice Scudder died before the decision of this cause.]