PARSONS *v.* KIMMEL.

1. EXEMPTIONS—PERSONAL PROPERTY—COWS—CHATTEL MORTGAGES
   —SALES.
   Under 3 Comp. Laws 1915, § 12858, exempting to each house-
   holder two cows, and providing that "any chattel mort-
   gage, bill of sale, or other lien created   *   *   *   shall be
   void, unless such mortgage, bill of sale, or lien shall be
   signed by the wife," etc., the right of the husband to
   make an. absolute sale of such property is not interfered
   with; his right to convey as security only being removed.

2. REPLEVIN—PERSONAL PROPERTY—JOINT OWNERSHIP — HUSBAND
   AND WIFE—SALE WITHOUT WIFE'S CONSENT.
   Where the title to a cow was jointly in the husband and
   wife, the husband could not sell the wife's interest with-
   out her consent, and therefore replevin would not lie at
   the instance of the purchaser by bill of sale not signed by
   the wife, in the absence of evidence of her oral consent
   to the sale.

3. EXEMPTIONS—HEIFER—COW—QUESTION OF LAW.
   Where a heifer 14 months old had been bred at the time
   of the sale, and was the only cow owned by defendant,
   the court below should have instructed the jury that, as
   a matter of law, she was a cow within the meaning of
   the exemption statute.

Error to Eaton; Smith, J. Submitted June 10, 1919.
(Docket No. 79.)   Decided July 17, 1919.

Replevin by Romeyn C. Parsons against Bert Kim-
mel for the possession of a cow. Judgment for plain-
tiff. Defendant brings error. Reversed.

*G. D. Blasier* (*Lyman H. McCall*, of counsel), for
appellant.

*B. G. Cameron* (*Peters & Marshall*, of counsel), for
appellee.

BROOKE, J. On June 11, 1915, plaintiff sold to defendant an automobile for $150, taking in part payment thereof a heifer or cow at an agreed price of $75. At the time of the transaction defendant executed to plaintiff a bill of sale for the animal in question. On the next day, plaintiff resold the cow to defendant on a title-retaining contract. Defendant neglected or refused to pay for the cow according to the terms of the contract, whereupon plaintiff repossessed himself of the animal under a writ of replevin issued November 8, 1917. The animal in question had been given to defendant and his wife jointly by defendant's father at the time of its birth. At the time it was sold by defendant to plaintiff it was about 14 months old and had been bred. It was delivered of a calf in January, 1916, about seven months after the sale. It was the only cow owned by defendant at the time the sale was made. The bill of sale conveying title to the cow was not signed by the wife. Upon the trial the court instructed the jury to determine from the evidence whether at the time the animal was taken on the writ of replevin she was a cow within the meaning of the exemption statute. Construing that statute he charged the jury:

"Now this law I have just practically read to you refers to such conveyances or conditional sales as are intended as security and not to absolute sales, in other words, it is the court's opinion that a man has a right to make an absolute sale of this property under the exemption laws. He cannot mortgage it, he cannot give any paper that would be a security for a debt without his wife signs it, but he does have the right to make an absolute sale of the property; that is my version of the law."

Under this charge the jury returned a verdict in favor of the plaintiff. The exemption statute, 3 Comp. Laws 1915, § 12858, subd. 6, provides: "To each householder, * * * two cows," among other things shall be exempt. Subdivision 9:

"And any chattel mortgage, bill of sale, or other lien created on any part of the property above described, except such as is named in the eighth subdivision of this section, shall be void, unless such mortgage, bill of sale or lien shall be signed by the wife," etc.

Plaintiff's counsel rely upon the cases of *Holman* v. *Gillette*, 24 Mich. 414, and *Singer Manfg. Co.* v. *Cullaton*, 90 Mich. 639, after reviewing which they say:

"We believe that the principle enunciated in this case recognizes the principle contended for by plaintiff and appellee, viz.: that the common-law right of the husband to sell or incumber his property still exists except as it has been restricted by statute, and that the statute in question relied upon by defendant and appellant has removed the husband's right to convey this class of exempt property as security, but has not in any way impaired his right to make an absolute sale."

Referring to the first of said cases, Chief Justice Christiancy, in construing the section under consideration, said:

"Now we think it quite evident that this provision refers only to such conveyances, pledges or conditional sales, as are intended as security, or which give a lien for that purpose, and not to absolute sales which are by no statute required to be in writing; and that so far as this provision is concerned, it does not interfere with the right of the husband to make an absolute sale of such property, as he may of personal property not thus exempt, there being no statute requiring such sale to be in writing."

The construction put upon the statute by the court below seems to be justified by an express decision of this court.

Defendant's fifth request to charge was as follows:

"*Fifth:* I instruct you that as appears from the undisputed evidence in the case, the defendant Kimmel and his wife were joint owners of this heifer or cow, as cotenants, and that the defendant Kimmel

could not sell his cotenant's interest in the cow or heifer without her consent, and as appears from the evidence the wife did not give her consent to the sale by the husband, hence the sale as to her interest in the cow was void, and under the undisputed evidence in the case, in such case replevin will not lie for the undivided interest of the wife, hence your verdict must be for the defendant, 'not guilty,' for the reason that replevin will not lie where it deprives the cotenant, whose title is undisputed, to the right of possession."

The testimony that the title to the animal was jointly in the husband and wife through a gift from the father of the husband is undisputed on this record.

In *Kindy* v. *Green*, 32 Mich. 310, it was held that:

"Replevin will not lie for an undivided interest in a chattel where the execution of the writ will operate to deprive a cotenant whose title is undisputed to his right of possession."

Plaintiff did not attempt to deny the wife's joint ownership of the chattel in question nor did he show her oral assent to the sale which he might have done under the authority of *Holman* v. *Gillette, supra.* In any event the question of such ownership if disputed by plaintiff was one for the determination of a jury under proper instructions. We find no reference to this question in the charge. As the record stood at the close of the testimony, we are of opinion that the defendant was entitled to have his fifth request given as preferred.

The court should have instructed the jury as a matter of law that the animal in question was a cow within the meaning of the exemption statute. See 12 Am. & Eng. Enc. Law (2d Ed.), p. 127, and cases cited.

For the errors pointed out the judgment is reversed and a new trial granted, with costs to appellant.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.