PUTNAM H. CHILD v. JOSEPH EMERSON ET AL.

*Judgment—Payment.*

Defendant Emerson recovered a judgment against complainant and his son on a promissory note given by them in payment for a patent right, and was proceeding to a sale of complainant's.

lands to satisfy the judgment, when complainant filed a bill
to enjoin such sale and the collection of the judgment, on the
ground that the complainant and his son had transferred to
the defendant the patent right in consideration that the note
was to be surrendered and canceled.    The proofs were taken
in open court, and, no reason being seen for reversing the con-
clusions of the circuit judge upon the questions of fact involved,
the decree in favor of complainant is affirmed.

Appeal from Macomb.    (Canfield, J.)    Submitted on
briefs January 4, 1894.    Decided February 12, 1894.

Bill to enjoin the sale of real estate on execution.
Defendant Emerson appeals.    Decree affirmed.    The facts
are stated in the opinion.

*O. E. Angstman,* for complainant.

*Eldredge & Spier,* for appellant.

GRANT, J.    Complainant and his son, on January 15,
1892, purchased the patent right of a certain milk aerator,
for which they gave two promissory notes for $250 each,
one bearing date January 15 and the other February 20,
1892.    Defendant Emerson purchased these notes before
maturity.    Emerson brought two suits on these notes, one
before Justice Kinney and the other before Justice Phelan,
who occupied adjoining offices in Detroit.    Both sum-
mons were made returnable on the same day.    Complain-
ant admits that he and his codefendant were served with
the summons in the case brought before Justice Phelan,
but asserts that they were never served with the other sum-
mons, and that they knew nothing about it until about
the time that the complainant's lands were advertised for
sale under an execution issued under the judgment therein.
The defendants appeared in the other suit, and two adjourn-
ments were had.    Upon the second adjournment that suit
was discontinued, and an agreement then entered into
which is the subject of this controversy.    Emerson took a

transcript of the judgment, and filed it in the circuit
court for the county of Macomb, where complainant owned
some land. Upon learning of these proceedings, complain-
ant filed this bill to enjoin the sale of his land and the
collection of the judgment. The grounds for relief are
that complainant and his son transferred to defendant the
patent right, in consideration that the two notes were to be
surrendered and canceled. Defendant Emerson answered,
alleging that he took the assignment of the patent as col-
lateral security for the one note for which he had brought
suit before Justice Phelan:

The decree to be entered depends entirely upon a ques-
tion of fact, namely, what was the agreement? Complain-
ant and his son both testify positively that the patent
was conveyed in consideration of the payment of the notes.
Mrs. Child, complainant's wife, was present at a conversa-
tion between complainant and defendant on the day the
arrangement was made, and testified that she heard defend-
ant say that he would come in the next morning with the
two notes, and settle the matter up. One Wright, a wit-
ness for defendant, testified on cross-examination that
defendant told him that he had bought the patent. Three
witnesses for complainant testified that defendant told them
he had traded the two notes, for which he paid $250, for
the aerator. One other witness testified that defendant
told him that he had bought it. The conveyance of the
patent right was absolute in form, and expressed the con-
sideration of $500. Opposed to this is the testimony of
defendant and his wife. The testimony was taken in open
court. We see no reason for reversing the conclusion
reached by the learned circuit judge upon this question.
It is conceded that the transcript of judgment filed in the
circuit court of the county of Macomb was irregular and
void.

It was elicited on the cross-examination of the complain-

ant that at the time of the transfer defendant agreed to convey to him a half interest in the patent, for which he agreed to pay $250, and paid $25 in cash. Defendant now insists that complainant is not entitled to the relief he asks until he has complied with this agreement. Defendant did not admit this agreement, nor set it up in his answer. His answer is in fact a denial of any such agreement, for he alleges that the $25 was paid upon the debt due to him. But this agreement, if made, was a matter between complainant and defendant, and had nothing to do with the agreement made between the makers of the notes and the defendant.

Decree affirmed, with costs.

The other Justices concurred.