CHARLES MILLER v. JACOB MILLER.

100  563
152  ³366

*Partition—Pleading—Adverse possession—Land contract—Specific·
performance—Credibility of witnesses—Appeal.*

1. The title acquired by adverse possession constitutes a legal title;
and the question of the possession, by the defendant in a par-
tition suit, of such a title to the interest in the land claimed
by the complainant, is not raised by an answer which avers
that the complainant holds the legal title to said interest in
trust for the defendant.

2. Where the defendant in a partition suit rests his claim to the
interest in the land claimed by the complainant on a parol
agreement for its purchase, which he claims to have fully per-
formed, and which he seeks to establish mainly by his own
testimony, he cannot complain that the court requires him to
establish said claim by clear and cogent proof.

3. Where, in such a case, a careful examination of the testimony
shows that the conflict is such that the appearance of the wit-
nesses on the stand would be of unusual value in determining
the question of fact involved, the decision of the circuit judge
before whom the testimony was taken will not be disturbed.

Appeal from Wayne. (Hosmer, J.) · Argued April 6,
1894. Decided June 2, 1894.

Bill for partition. Defendant appeals. Decree affirmed.
The facts are stated in the opinion.

*John G. Hawley,* for complainant.

*E. T. Wood,* for defendant.

MONTGOMERY, J. This is a bill for partition. The
complainant and defendant are brothers. The father of
the parties died intestate in 1854, seised of the property
in question. Defendant has acquired by purchase the in-
terests of all the heirs except the complainant; so that the
title of record rests one-sixth in complainant and five-sixths

in the defendant. The complainant, prior to instituting this suit, brought ejectment against defendant, and recovered a judgment by default, which was, however, subsequently, and after the filing of the present bill, set aside on motion. The defendant answered in the present case, claiming the benefit of a cross-bill. His answer alleges that the defendant is the owner of the equitable title to the one-sixth interest claimed by complainant, and that the complainant holds the legal title in trust for the defendant. The equitable title set out is an alleged purchase of complainant's interest by parol, payment therefor by defendant, and occupancy, and the making of improvements, alleged to amount to part performance. The circuit court decreed a partition, and defendant appeals.

Defendant makes the point that the evidence tended to show a title by adverse possession, and that at least there was proof upon this subject of sufficient strength to require that the complainant be remanded to his suit at law to settle the title before a decree of partition would be warranted. But we do not think the answer of defendant raises this question. The title acquired by adverse possession would constitute a legal title. But the answer avers that the complainant holds the legal title in trust for defendant.

The meritorious question in the case is that raised by the defendant, and which could only be determined by a court of equity, and which he himself asks to have adjudicated in this proceeding. This question is whether defendant bought and paid for the interest of complainant under such circumstances that equity will decree a specific performance. Upon this question there is an irreconcilable conflict in the testimony. The only two witnesses who gave testimony bearing directly on the question are the complainant and defendant. The defendant, on direct examination, testified that he paid the complainant $250

in cash on the 15th of June, 1874, and that he used money which he had saved up and had in the house, and which his mother handed him in a stocking, where it had been kept. On cross-examination, however, he states that the money might have been money which he drew from the bank where it was deposited. In an affidavit made to set aside the default in the ejectment suit, he stated that, "as near as deponent is now able to fix the date, it is about 20 years since he paid his brother, Charles Miller, the $250." But he testifies now that he has remembered it since the occurrence. The complainant admits that he received money from the defendant, but he asserts that it was a loan made in July, 1873; that he received $400, and has since paid it back; and that defendant drew the money which he loaned him from the bank. Complainant claims that the money which he received was paid to a contractor, who built a house for him in that year; and in this he is corroborated by the contractor, who testifies that he received such payment July 9, 1873.

It is also shown by the defendant's bank account, which complainant put in evidence, that defendant drew out of the bank on the 8th of July, 1873, $180. It is true, complainant thinks defendant drew the entire $400 from the bank; but, as he does not claim to have been present when the money was drawn, it is not remarkable that he should be mistaken. Nor is the fact that the defendant drew the money from the bank inconsistent with his claim that it was paid in payment for the interest of the complainant. But these circumstances are referred to as throwing some light upon the question of the credibility and accuracy of recollection of the two witnesses. Complainant also testifies that he paid back portions of this loan by paying wood choppers who were at work for defendant, and he is to some extent corroborated by the testimony of a witness who called upon him formally by direction of

the defendant.    Defendant, however, attempts to meet this by showing that the complainant had received wood from the farm of defendant, which he was bound to pay for. Defendant also called a witness to show an admission of complainant, made in 1874, to the effect that he had received his pay for his interest in the property in question.    The testimony of this witness appears, upon its face, somewhat improbable.    The circumstances which he details, and professes to recollect, with great particularity, are not such as would be likely to leave so deep an impression upon the mind of a disinterested witness for 20 years; and this, in view of the further fact that he was not on good terms with complainant, raises a serious doubt as to his credibility.

The case is one in which we cannot feel a positive assurance that the conclusion reached upon the question of fact is certainly correct.    We have examined the testimony with great care, and have adverted to the material portions of it somewhat at length to show that the conflict is such that the appearance of the witnesses on the stand would be of unusual value in determining the question of fact. The circuit judge had the opportunity of seeing the witnesses, and we do not feel justified in disturbing his decision.    Where one rests his claim to real property on a parol agreement, which he seeks to establish mainly by his own testimony, he cannot complain that the courts require clear and cogent proof.

The decree will be affirmed, with costs.

The other Justices concurred.