EDWARDS *v.* WAGHORN.

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.

    Where the testimony in a chancery suit is taken in open court, a finding by the presiding judge on disputed questions of fact is entitled to great weight on appeal.

2. CONTRACT—SPECIFIC PERFORMANCE.

    A contract whereby a mother was to convey certain property to her son upon the payment of an existing mortgage and of a specified amount in money, which should be "in full consideration" for the land, was specifically enforced as against the contention of the mother that it did not embody the entire agreement, but that she was to be given a mortgage as security for certain advances made to the son, where it appeared that the contract was read over to her at the time of its execution, and that for a period of eleven years thereafter she made no request for the execution of such mortgage, or for the repayment of the amount so advanced.

Appeal from Montcalm; Davis, J. Submitted December 6, 1895. Decided December 24, 1895.

Bill by Herbert Edwards against Ann E. Waghorn for the specific performance of a contract. From a decree for complainant, defendant appeals. Decree modified and affirmed.

*William O. Webster,* for complainant.

*John H. Mitchell,* for defendant.

GRANT, J. The object of the bill in this case is to enforce the specific performance of a land contract dated October 20, 1883, by which the defendant agreed to make and execute to complainant a good and sufficient warranty deed of the land therein described, subject to a mortgage of $500; and in consideration of said conveyance the complainant agreed to pay said mortgage when it should become due, and $100 paid at the date of the agree-

ment. The agreement closed with this statement: "Said amounts are in full consideration for said above-described lands."

Complainant is the defendant's son. In September, 1883, he found an opportunity to purchase the land mentioned in this contract, which was then owned by one Hickson. It was then incumbered with the mortgage above mentioned. Complainant was without means, and applied to his mother to assist him. The purchase price was $1,300. He had, therefore, to provide for a cash payment of $800. He admits that she furnished him $450. She claims to have furnished $620. The deed was made to the defendant. Complainant immediately went into possession, which he retained until shortly before the filing of this bill in 1894, and paid the taxes and the mortgage. The defense is that the written agreement does not contain the entire agreement between them, but that it was further understood and agreed that the complainant should give his note for the sum of $620, with interest, and secure the same by mortgage on this land, and that defendant purchased it from Mr. Hickson, and put complainant in possession thereof, upon that understanding and agreement; that she supposed and understood that the mortgage was to be drawn immediately, and that it was not necessary that the same be mentioned in the contract; that her son insisted that as little as possible be said about the mortgage, claiming he would be mortified if it were known that he was putting only $100 into the land. Complainant contends that this advancement, made to him by his mother, was a gift, while she insists it was a loan. Upon this point the testimony was in direct conflict. The case was heard in open court, where the judge had the opportunity to see the witnesses, which is of considerable value in determining disputed questions of fact. We therefore see no reason for disturbing the finding of the court upon this issue.

The defendant admits that this contract was read over

to her at the time of its execution. It was brief, unambiguous, and easily understood. Complainant continued in possession for 11 years, during which time defendant made no claim for interest or principal, or request for the execution of a note and mortgage. We think it established by a fair preponderance of the evidence that the contract embodied the entire agreement of the parties. Complainant admits that he has not paid the $100 as provided in it. The decree directed the specific performance of the contract, but made no provision for the repayment of this sum. The decree will be modified, ordering the specific performance upon condition that complainant pay to defendant, within 60 days from the date of the decree in this court, said $100, with interest at 7 per cent. from the date of the contract. No costs were awarded in the court below, and none will be awarded in this court.

The other Justices concurred.