HUGHES v. JONES.

APPEAL—FINDINGS ON CONFLICTING TESTIMONY.

Complainants filed a bill to set aside certain conveyances
on the ground that they were obtained by fraud and duress.
Proofs were taken in open court, and the material testimony
was in direct conflict. *Held*, that a decree in favor of com-
plainants would not be disturbed.

Appeal from Cass; Coolidge, J. Submitted January 8,
1896. Decided February 26, 1896.

Bill by George A. Hughes, executor of the last will and
testament of Minor T. Jones, deceased, Fred Jones, and
Della Jones, against Minor T. Jones, Emery Anderson,
Mary A. Jones, and one Foster, to set aside a deed, an
assignment of mortgage, and a contract, on the ground
that they were executed under duress. From a decree
for complainants, defendant Minor T. Jones appeals.
Affirmed.

*J. R. Carr*, for complainants.

*Spafford Tryon* (*Harsen D. Smith* and *George M.
Stevens*, of counsel), for appellant.

*Charles E. Sweet*, for defendant Mary A. Jones.

GRANT, J. One Minor T. Jones died testate Decem-
ber 24, 1892, without issue. Complainant Fred Jones
had lived with the deceased from his infancy, and had
married the daughter of defendant Mary A. Jones by her
former marriage. He had practically adopted Fred as his
son. His property inventoried nearly $13,000. He made
bequests to certain relatives, devised a mortgage of about
$3,300 to his wife, defendant Mary A. Jones, and made
Fred the residuary legatee. The principal portion of the
estate thus coming to Fred was a farm worth between

$4,000 and $5,000. The will was admitted to probate in the probate court. Defendant Minor T. Jones was a nephew of the deceased, contested the will, and appealed from the decision of the probate court to the circuit court, where the case was pending when the transactions now complained of took place. Defendant Mary A. Jones was suspected by defendant Minor T. Jones to have administered poison to her husband, and to have burned two of his barns. Complainants and the defendant Mary A. Jones lived in Cass county; defendants Minor T. Jones, Foster, and Anderson, in Chicago. Anderson had formerly been in the employ of the deceased. Defendant Mary A. Jones went to Chicago the latter part of January, 1894, where she was met at the depot by defendant Anderson, and taken to an hotel where he had engaged a room for her. She wrote a letter to the complainant Fred Jones, requesting him and his wife to come to Chicago at once, saying that she was in trouble. This letter was taken by Anderson to complainant Fred Jones, and delivered between 9 and 10 o'clock in the evening. They went by the first train to Chicago, Anderson returning with them. He took them to a cheap hotel, where they found Mrs. Jones. Soon after their arrival, the defendant Foster was introduced as the attorney of Mrs. Jones. Anderson pretended to be her friend, and was her advisor, in whom, for some reason, she placed great confidence. The next day after their arrival in Chicago, the defendant Mrs. Jones executed an assignment of the above-mentioned mortgage to defendant Minor T. Jones, and complainants Fred and his wife made an absolute deed to him of the real estate devised to Fred. At the same time the four executed a contract reciting the will, the bequests, the contest then pending, and agreeing that, in consideration of the assignment and deed by Fred and his wife, defendant Minor T. Jones would pay Fred $1,000,—$100 to be paid in cash, and the other $900 as soon as the estate of the deceased was finally settled,— and would discontinue his appeal. All this was done in

the room of Mrs. Jones in the hotel, in the presence of Minor T. Jones and his attorney, who drew the papers, and defendants Anderson and Foster. Complainants, upon their return home the following day, went to an attorney, and stated to him the above transactions. They thereupon at once filed this bill to set these conveyances and the contract aside upon the ground that they were obtained by fraud, and threats of criminal prosecution against Mrs. Jones. Proofs were taken in open court, and a decree entered setting them aside, and restoring the appeal from the probate of the will, and placing the parties *in statu quo*.

The learned circuit judge filed a written opinion, reviewing the testimony and giving the reasons for his conclusion. The question is one entirely of fact. The material testimony is in direct conflict. This is one of those cases where much depends upon the credit to be given to the witnesses, and their appearance and character in open court are important factors in reaching a conclusion. Anderson was one of the chief witnesses for the defense, and the court finds that he is utterly unworthy of belief, and in this conclusion we fully concur. It would profit neither the profession nor the parties to enter into a detailed statement of the evidence. Any one desiring it can obtain a copy of the able opinion of the circuit judge. After seeing the witnesses and hearing their testimony, he finds the facts to be with the complainants, and in his findings and conclusion we concur.

The decree is affirmed, with costs.

The other Justices concurred.