SOWLES *v.* RAYMER.

APPEAL—FINDINGS OF COURT—REVIEW—FIXTURES.

The finding of the circuit judge that a certain sawmill constituted a part of the realty covered by complainant's mortgage, being fully justified by the evidence, was affirmed.

Appeal from Eaton; Smith, J. Submitted June 2, 1896. Decided July 21, 1896.

Bill by Nathaniel Sowles to enjoin John C. Raymer and Margaret A. Raymer from removing certain mill property. From a decree for complainant, defendants appeal. Affirmed.

*A. A. Ellis* and *John Nichol,* for complainant.

*Horace S. Maynard* and *Philip T. Van Zile,* for defendants.

MOORE, J. Complainant filed a bill, averring that he was the owner of 40 acres of land; that he became the purchaser at a foreclosure sale; that the mortgages thus foreclosed were given by defendants to Horatio Gale; that he paid at said foreclosure sale the sum of $1,800; that he made the purchase because he was the owner of two other mortgages on the same premises, made to the complainant by the defendant Margaret A. Raymer, one of which mortgages was given to secure the debt

of both defendants; and that there was due on these two mortgages when he made the purchase upward of $1,300, making the cost of said premises to the complainant $3,100. It was also averred that the premises were not worth to exceed $2,800; that the two defendants had refused to vacate said premises; that complainant had commenced proceedings to eject them; that there had been a sawmill on said premises for 15 years, and that it was on when the mortgages were given; that defendants were attempting to remove the mill and machinery; that to do so was in fraud of his rights; and praying a perpetual injunction. The defendants answered to this bill, and claimed, by way of defense, that the mill was the property of John C. Raymer, erected on three acres of land leased by him of Margaret A. Raymer, and that the title had never been in her, and, in substance, that complainant never acquired any interest in the mill property. Issue was joined, and proofs were taken in open court. If any lease was made, it was not put upon record. There was testimony tending to show that, prior to the taking of the $889 mortgage given to the complainant by Mrs. Raymer, both defendants represented to the complainant that the title to the 40 acres, including the mill, was in Mrs. Raymer. This evidence was disputed on the part of the defendants. It was also a disputed question as to who owned the mill when the mortgage was given, and whether the mill was a stationary mill, constituting part of the realty, or whether it was a portable mill, and personal property. Complainant was granted a decree as prayed for in the bill, and defendants appeal.

The trial judge made a finding, in which he held that—

"The parties treated this mill as belonging to the land, and, all through the dealings regarding the land and the mill, it seems to me it is fairly shown that the defendants understood perfectly that all the mortgages,—and especially as to the later mortgages given to Sowles,—that the mortgages covered and included the mill. Raymer and his wife dealt in such a way, as shown by the evidence,

that it seems to me conclusively to appear that whatever she did he knew and understood. Her representations, even though not binding him, yet are significant as to his claims, and, considered with all the other facts and surroundings, point conclusively to an understanding between the two. She was a joint vendee to a portion of the property. She gave her note. She gave a mortgage at one time upon a large amount of lumber sawed at the mill. She was greatly interested in the various loans, and there is no showing to the contrary that the money borrowed of complainant did not enter into the business, and the property which they both controlled, including the mill and the farm; and the strong presumption is that every dollar loaned upon that farm was used in and about it and the mill, and that the enterprise, so far as the mill was concerned, was a joint one, connected with the farm. I do not think it would be equitable to say that Sowles can take no further rights than an ordinary purchaser at a foreclosure sale. He was a purchaser at the foreclosure sale of four prior mortgages, and at the same date discharged his mortgages, amounting to several hundred dollars, placed upon the property when the mill was there, under circumstances showing strongly that all parties acted upon the fact that the mill was covered by and included in his security. He had greater equities than such a purchaser."

The questions involved in the case are of no special interest to the public or profession. A discussion of them is not necessary. They are almost wholly questions of fact. Whether the decree made by the trial judge should stand will depend wholly upon the credit given the witnesses. They were all before the court. He had an opportunity to judge of the weight to be given their testimony. We think the conclusion reached by him was fully justified by the evidence. See the many cases cited in 3 Jac. & C. Dig. p. 24, par. 59.

The decree is affirmed, with costs.

- LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., took no part.