110   612
152   366

PRINGLE *v.* WAGNOER.

LAND CONTRACT—FORECLOSURE—DEFENSES—SALE FOR TAXES.
  A purchaser under a land contract cannot interpose as a defense in foreclosure proceedings that the land has been sold and deeded for taxes levied subsequent to the execution of the contract, where, by the terms of the contract, it was his duty to pay such taxes.

Appeal from Mecosta; Palmer, J.   Submitted June 19, 1896.   Decided October 6, 1896.

Bill by Uriah S. Pringle against John Wagnoer to foreclose a land contract.   From a decree for complainant, defendant appeals.   Affirmed.

*George J. Cummins*, for complainant.

*Frank Dumon*, for defendant.

MOORE, J.   The complainant filed a bill to foreclose a land contract made in 1887 for the sale of 40 acres of land.   The payments had not been made according to the terms of the contract.   The prayer was for a sale of the premises to satisfy the amount due on the contract, and, in case of a deficiency, for a personal decree.   The defendant claimed, by way of defense, that when he made the contract with complainant he was induced to do so by false and fraudulent representations as to the character of the land, and the quantity and quality of the timber, and that when he found out the fraud he rescinded the contract.   He also claimed that the land had been sold for taxes for the years 1887, 1888, 1889, 1890, 1891, and 1892, and that these sales cut off all liens and incumbrances on the land, and extinguished all prior titles, and that for that reason the complainant could not maintain his bill.

The circuit judge granted a decree as prayed for in complainant's bill.   The defendant appeals.

The first inquiry to consider here is, has the defendant established fraud at the time the contract was made, and a rescission of the contract on his part when he learned he had been deceived?   We do not think he has established either of those propositions.   The testimony was very contradictory.   The circuit judge had the witnesses before him.   He is better able to determine the truth, from having heard and seen the witnesses, than we are from the record.   There is nothing in the record that leads us to the conclusion that the question of fact at issue was improperly determined by the trial judge.   *Sowles* v. *Raymer, ante,* 189.

The other question to be considered is the effect of the sale of the lands for the taxes.   The taxes were levied subsequent to the making of the land contract.   It was the duty of the defendant to pay these taxes.   He failed to do so.   He cannot now be heard, when he attempts to interpose the tax sales and deed as a defense in the proceeding.

The decree is affirmed, with costs.

The other Justices concurred.