113   499
s 113   501

113   499
152   ²366

## HAMMOND v. RATHBONE.

1. APPEAL—CHANCERY ISSUES.

The conclusion of the circuit judge, who saw the witnesses, upon a direct issue of fact as to the ownership of a mortgage sought to be foreclosed, is entitled to great weight on appeal.

2. SAME—SETTLEMENT OF CASE—CUMBERSOME RECORD.

The practice of settling chancery cases by including all of the testimony, immaterial and otherwise, and setting it forth by questions and answers, is condemned.

ON REHEARING.

APPEAL—DISCUSSION OF CONTENTIONS—OMISSION FROM ORIGINAL BRIEF—HOW CURED.

A contention that the evidence in foreclosure proceedings shows the property to have been occupied by the mortgagor and his wife as a homestead, and therefore to be exempt from sale under a mortgage signed by the husband alone, will not be treated as abandoned because the discussion thereof is inadvertently omitted from defendant's original brief, if it is thereafter urged in a supplemental brief, and the omission explained.

Appeal from Ionia; Davis, J. Submitted June 11, 1897; original opinion, for affirmance, June 28, 1897. Rehearing granted September 23, 1897; final opinion, modifying the earlier decision, June 28, 1898.[1]

Bill by Ambrose Hammond against George W. Rathbone and others to foreclose a mortgage. From a decree for complainant, defendants Rathbone appeal. Modified.

*R. A. Hawley,* for complainant.

*V. H. & H. H. Smith,* for appellants.

---

[1] A subsequent application by complainant for a rehearing was denied September 27, 1898.

Grant, J.   The purpose of this bill is the foreclosure of a mortgage for $250, dated April 1, 1889, due two years from date, and executed by defendant George W. Rathbone to defendant Jesse S. Cahoon.   Mr. Cahoon was indebted to complainant on a promissory note for $171.50.   Complainant alleges that the mortgage and note in question were delivered to him by Cahoon as security for the debt due from Cahoon to complainant. The defendants Rathbone alone appeared and answered. In their answer they aver, upon information and belief, that the indebtedness from Mr. Cahoon to complainant was paid.   As to the other material allegations, the answer either admits them, or simply denies knowledge in regard to them, and leaves complainant to his proofs thereon.

The bill alleges that the mortgage was given to secure part of the purchase price for the land.   The answer denies this, and claims a homestead in the land; but the Rathbones were not sworn, and introduced no evidence to sustain this averment or denial.   This claim is practically abandoned, for in their original brief the counsel for the Rathbones do not mention it.   The bill was filed December 22, 1893.   When the answer was filed does not appear, and it must be assumed that it was within the time fixed by the rules.   Upon the hearing, and after the testimony was introduced, defendants Rathbone were permitted to amend their answer by alleging that Mr. Cahoon did not own the note and mortgage at the time they were delivered to complainant, but that they belonged to Frank W. Clark, and that they were delivered to complainant at Clark's request for an entirely different purpose than the one alleged in the bill.   August 20, 1894, two years before this case was heard, the Rathbones conveyed the land to Clark.   Clark was the principal witness for the defendants.   A direct issue is presented, whether this mortgage belonged to Mr. Cahoon, and was delivered to complainant to secure his indebtedness, or whether it was delivered by Mr. Cahoon at the request of

Clark for the purpose claimed by him. The question is one of fact. The circuit judge saw the witnesses, and, as we have often held, is in better position to determine such questions than is the appellate court. After a careful examination of the testimony, we see no occasion to reverse his conclusion.

This case was settled by including the entire testimony, by question and answer. Some of the witnesses were recalled eight or ten times. The practice of thus settling chancery cases is to be condemned. The record contains much immaterial testimony, which should have been eliminated, and the case put in narrative form. There is no necessity of putting this court to the labor and time of examining so long a record.

The decree is affirmed, with costs.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.

### ON REHEARING.

PER CURIAM. This was a suit to foreclose a mortgage, and the main controversy was over the question of complainant's ownership of the mortgage. That question was determined in favor of the complainant upon the first hearing, and need not be further considered. *Hammond* v. *Rathbone, ante,* 499.

It appears that the mortgage covers two village lots, and the answer of the defendants alleges that lot No. 103 was the homestead of the mortgagor, and that the mortgage was void as to this lot, for the reason that his wife did not sign it. The evidence shows that the south lot was occupied as a homestead, if both were not, which does not clearly appear. This point was not made in the defendants' first brief, but our attention is called to a supplemental brief, filed before the former hearing, in which the claim of homestead rights was made, and the omission to

mention it in the first brief explained as an inadvertence; but this escaped our attention before. Lot 103 should therefore be exempted from the decree, which will be modified accordingly.