TROUB *v.* THORP.

1. CANCELLATION OF INSTRUMENTS— DEEDS — FRAUD — UNDUE IN-
   FLUENCE—INCOMPETENCY OF GRANTOR—EVIDENCE—SUFFICIENCY.
   On a bill by heirs to cancel a deed executed by their ancestor,
   on the grounds of fraud, undue influence, and mental incom-
   petency, evidence examined, and *held,* to warrant a decree
   for complainants.

2. APPEAL AND ERROR—CHANCERY APPEALS—REVIEW—QUESTIONS
   OF FACT.
   Chancery appeals are heard in this court de novo upon the
   record made below and it is necessary for the complainant
   to satisfy the court from the record that he has made his
   case before he can have a decree, though the fact that the
   circuit judge heard and saw the witnesses, and had an oppor-
   tunity to thus judge of their credibility, is of importance in
   determining a question of fact.

3. CANCELLATION OF INSTRUMENTS—DEEDS—ACQUIESCENCE OF COM-
   PLAINANTS—ESTOPPEL.
   On a bill by children to cancel a deed executed by their father
   as a result of mental incompetency, fraud, and undue influ-
   ence, complainants are not estopped by their failure to object
   at the time, where it appears that one of them was a minor,
   and complainants claim they did not desire a quarrel which
   would make the miserable condition of their father more
   miserable and they relied upon the expectation that the
   grantee, their brother, would do what was right about the
   estate of their father.

4. SAME—DECREE—RELIEF TO DEFENDANT.
   On a bill to cancel a deed and for an accounting, a decree for
   complainants can be made that will give to defendant ample
   compensation for all that he did and expended on account of
   the grantor and his estate.

Appeal from Eaton; Smith, J. Submitted January 9,
1908. (Docket No. 24.) Decided May 1, 1908.

Bill by Minnie Troub, Mina Perkins, and Joel H. Bera,
administrator of the estate of George B. Thorp, deceased,

against Loren G. Thorp and Percy Thorp to set aside a conveyance of real estate, and for an accounting. From a decree for complainants, defendants appeal. Affirmed.

*Horace S. Maynard*, for complainants.

*Frank A. Dean*, for defendants.

MOORE, J. This case was brought to set aside certain conveyances of real and personal property made by one George B. Thorp, since deceased, and to obtain an accounting from the defendant Loren G. Thorp for his use of and receipts from the property. It is the claim that at the time he made the transfers, George B. Thorp was not mentally competent to make them, and that they were procured through fraud, duress, and undue influence. George B. Thorp died on the 12th day of November, 1904.

The defendant Loren Thorp admitted that Mr. Thorp was given to the excessive use of intoxicating liquors, but denied that he was incompetent to make the transfers. He further claims that the arrangement he made with his father was a fair one, that he carried it out, that his brother and sisters knew about it and should not now be heard to complain.

Percy Thorp was a minor when the suit was brought. Minnie Thorp is the wife of Loren Thorp. Mrs. Troub, Mrs. Perkins, Loren Thorp, and Percy Thorp are sons and daughters of George B. Thorp. The case was heard in open court. The circuit judge found that the transfers were made when George B. Thorp was incompetent, and made a decree setting the transfers aside, and directing an accounting, the proofs to be taken in open court. The case is brought here by appeal.

There is practically no dispute on the part of the witnesses in relation to the fact of the excessive use of intoxicating liquors by George B. Thorp, but there is a sharp conflict in the testimony as to whether it rendered him incompetent to make the transfers which were made. The record discloses that about twelve years before his

death, his wife, in a contested case, obtained a divorce from him for the reason that he had become a confirmed drunkard. He afterwards drank less and she married him the second time. Early in 1901 Mrs. Thorp filed a petition in the probate court alleging that because of his excessive use of liquor her husband had become incompetent to manage his property, and prayed that a guardian might be appointed. Mr. Thorp and all his children were legally notified of this application. For some reason the judge of probate did not want to hear the application, and the circuit judge acted as judge of probate. He decided Mr. Thorp was incompetent and appointed his wife as his guardian. It is claimed she had trouble in procuring a bond. In any event she did not qualify as guardian, and nothing further was done with the proceeding. Later she filed a second bill for a divorce, upon the ground that her husband was given to the excessive use of liquor, and obtained a decree December 3, 1901. The testimony indicates very clearly that George B. Thorp died as the result of his dissipation. The hearing in the case was had before the circuit judge who acted as probate judge when the hearing was had in that court.

The case was tried at great length. The printed record contains nearly 200 printed pages. It would profit no one to set out in detail the testimony. We think, however, that complainants have made their case by a preponderance of the testimony.

The solicitor for the complainants makes the following claim. We quote from the brief:

" I insist that under the settled law of this State the question of fact as to the mental condition of George B. Thorp at the time he signed the papers sought to be set aside is conclusively determined by the finding and decree of the circuit judge and is not open for argument in this hearing."

This is not the law in chancery cases. Those cases when heard in this court are heard de novo, and it is necessary for the complainant to satisfy us from the record

that he has made his case before he can have a decree in his favor.    We have however repeatedly held that it was an advantage to see and hear the witnesses, and the fact that the circuit judge heard and saw the witnesses, and had an opportunity to thus judge of their credibility, was of importance in determining a question of fact.    We are satisfied that in this case he reached a right conclusion. See *Brennan* v. *Zehner*, 97 Mich. 98; *Kaeding* v. *Joachimsthal*, 98 Mich. 78; *Anderson* v. *Northern Nat. Bank*, 98 Mich. 543; *Child* v. *Emerson*, 99 Mich. 38; *Miller* v. *Miller*, 100 Mich. 563; *Benedict* v. *Roome*, 106 Mich. 378; *Richardson* v. *Medbury*, 107 Mich. 176; *Edwards* v. *Waghorn*, 107 Mich. 679; *Hughes* v. *Jones*, 108 Mich. 378; *Groesbeck* v. *Bennett*, 109 Mich. 65; *Michigan Land & Iron Co.* v. *Cleveland Sawmill & Lumber Co.*, 109 Mich. 164; *Sowles* v. *Raymer*, 110 Mich. 189; *Pringle* v. *Wagnoer*, 110 Mich. 612; *Kirkland* v. *Kirkland*, 111 Mich. 166; *Loveridge* v. *Schurtz*, 111 Mich. 618; *Hammond* v. *Rathbone*, 113 Mich. 499; *Markillie* v. *Markillie*, 115 Mich. 658; *Union Nat. Bank* v. *Rich*, 116 Mich. 414; *Pioneer Iron Co.* v. *City of Negaunee*, 116 Mich. 430.

With reference to the question of estoppel.    It is the claim of complainants that they did not desire a quarrel which would make the miserable condition of their father more miserable, and that they relied upon the expectation that Loren would do what was right about the estate of the father.    It also appears that one of the sons was a minor.    We do not think it can be said that estoppel is made out.    In the accounting a decree can be made that will give to Loren ample compensation for all he did and all he expended on account of his father and of his estate.

The decree is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.