## SWANK v. CROFF.

1. WITNESSES—ONE CALLING OPPOSITE PARTY FOR CROSS-EXAMINA-
   TION UNDER STATUTE IS BOUND BY SUCH TESTIMONY UNLESS
   DISPUTED.

   Where plaintiff called defendants for cross-examination under
   the statute (3 Comp. Laws 1915, § 12554), they were plain-
   tiff's witnesses, and plaintiff is bound by their testimony,
   except in so far as it is disputed.

2. SAME—ESTOPPEL—ISOLATED PORTIONS OF TESTIMONY MAY NOT
   BE GIVEN EFFECT WHOLE TESTIMONY DOES NOT WARRANT.

   While plaintiff is not estopped from disputing the testimony of
   the opposite party called for cross-examination under the stat-
   ute by reason of having called such witness, in the considera-
   tion of such testimony plaintiff may not select isolated por-
   tions and claim therefor a force and effect which the whole
   testimony does not warrant.

3. MALICIOUS PROSECUTION—SHERIFFS AND CONSTABLES—DIRECTED
   VERDICT.

   In an action against the proprietor of a dance hall and the
   sheriff for malicious prosecution and false imprisonment of
   plaintiff, who was arrested by the sheriff and dismissed without
   trial, evidence that plaintiff was one of several arrested for
   creating a disturbance at the dance hall on warrants issued
   after the proprietor, in the absence of the sheriff and with-
   out his knowledge, laid the facts before the prosecuting
   attorney, who, with a justice of the peace, looked after making
   the complaints and issuing the warrants, a verdict was prop-
   erly directed in favor of the sheriff.

Error to Kent; Brown (William B.), J. Sub-
mitted January 9, 1929. (Docket No. 32, Calendar
No. 33,998.) Decided March 28, 1929.

Case by Hazel Swank against Jhial Croff and
David Moote for malicious prosecution and false

imprisonment. Judgment for defendant Moote. Plaintiff brings error. Affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for appellant.

POTTER, J. Plaintiff sued defendants for malicious prosecution and false imprisonment. There was judgment for plaintiff against defendant Croff and judgment for defendant Moote. Plaintiff brings error.

Defendant Croff, at the time the cause of action is said to have arisen, operated a dance hall in the vicinity of Ensley Center, Newaygo county. There had been disturbance there by reason of intoxication of frequenters of the place. On the night in question, when plaintiff was there, a deputy sheriff of Newaygo county was in attendance. On account of parties being drunk and disorderly, the deputy called defendant Moote, sheriff, who, with another deputy, visited the place. Some arrests were made. Defendant Moote made inquiry as to who had caused the disturbance. He told Croff unless he cleaned up the place he (the sheriff) would. It is claimed reference was made to people living in different localities, as the "Grand Rapids bunch" and others. Plaintiff called defendant Moote as well as defendant Croff for cross-examination under the statute (3 Comp. Laws 1915, § 12554). Such witnesses were thereby made witnesses of plaintiff, and plaintiff is bound by their testimony, except in so far as such testimony is disputed. Under the statute the plaintiff is not estopped from disputing the testimony of the opposite party called on cross-examination, by reason of having called him and made him a witness for himself, but, in the consideration of the testimony of the opposite party, she cannot select isolated por-

tions of that testimony and claim a force and effect for it which the whole testimony of the witness does not warrant. *Jones* v. *Railroad Co.,* 168 Mich. 1; *Cook* v. *Railroad Co.,* 189 Mich. 456; *Steele* v. *City of Ionia,* 209 Mich. 595; *O'Dell* v. *Day,* 214 Mich. 566; *Waller* v. *Sloan,* 225 Mich. 600. Defendant Moote testified he did not, prior to receiving a warrant for plaintiff's arrest, know anything about her and did not know she existed, and gave no directions to defendant Croff to make a complaint against her, but told him he should make a complaint against the parties who had been intoxicated at the dance hall and made the disturbance. Defendant Croff made inquiry as to who the persons were who had made the disturbance, and went to White Cloud, the county seat of Newaygo county, and in the absence of defendant Moote, and without his knowledge, laid the facts before the prosecuting attorney of the county, who, with a justice of the peace, looked after making the complaints and issuing the warrants. These warrants were placed in the hands of defendant Moote. He made inquiry as to where defendants named therein lived; subsequently they were brought to White Cloud; an investigation was made by defendant Moote; some of the parties arrested pleaded guilty, others were convicted upon trial in justice's court, and, after appeal, in the circuit court. Plaintiff was dismissed without trial. Croff's testimony is relied upon as being contradictory of that of defendant Moote. Croff testified:

"I told him there had been different ones coming there and kind of causing a little disturbance, and stated the case to him that I wanted to get the place cleaned up.

"*Q.* You didn't mention any names, did you?

"*A.* No, sir.

"*Q.* All right; what did he tell you?

"*A.* Well, he told me to find out the names and come over there and swear the warrants out and he would look after it and take care of it.

"*Q.* He told you that he could not arrest anybody without a warrant?

"*A.* He said I would have to make a complaint in the case.

"*Q.* He told you you would have to come over to White Cloud and make complaint of the parties that were disturbing the peace over there?

"*A.* Yes, sir.

"*Q.* You didn't know who the parties were at that time, did you?

"*A.* No, sir.

"*Q.* And he told you that unless you cleaned out that place over there that he would go before the town board and see that your license was revoked?

"*A.* Yes, sir.

"*Q.* Or did he tell you that he would go before the court and ask for an order enjoining you from running that place?

"*A.* Well, I don't know just how that would affect it. He told me he could close up the dance hall if I didn't clean it up.

"*The Court:* Is that the substance of what he said, that he would close up the dance hall; is that in substance what he said?

"*A.* Well, he told me that he would close the dance hall up if I didn't come over and swear out warrants for the ones that was making the trouble.

"*Q.* Well, did he tell you you would have to clean that up yourself or he would have to do it?

"*A.* He told me that I would have to come over and enter complaints or he would close it up.

"*Q.* In other words, you would have to bring the parties to justice who were disturbing the peace over there, or he would close it up?

"*A.* Yes, sir.

"*Q.* You didn't know who was disturbing the peace—you didn't talk about any particular parties?

"*A.* No, sir.

"*Q.* You didn't know who was disturbing the peace because you didn't know the names?

"*A.* I didn't know the names.

"*Q.* Now, from that time on you never talked with Mr. Moote about it until after the warrants were issued?

"*A.* He told me to come over to White Cloud.

"*Q.* No, no, after you talked with him the night of the 19th of June, and he told you you would have to clean up your place or he would do it, and you would have to get the names of the parties and come over to White Cloud and make a complaint, you did not have any talk with him until after these parties were arrested?

"*A.* No, I did not."

There was no error in the order of the trial court directing a verdict as to the defendant Moote, and judgment of the trial court is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.