In concurring with Mr. Justice POTTER, I believe it should be said that the answers of a witness called for cross-examination *Page 409 
under the statute, unless uncontradicted, are not as binding on the examiner as those of his own witnesses. The statute, 3 Comp. Laws 1929, § 14220, expressly makes the distinction:
"Hereafter in any suit or proceeding in any court of law or equity of this State, either party, if he shall call as a witness in his behalf, the opposite party * * * shall have the right to cross-examine such witness the same as if he were called by the opposite party; and the answers of such witness shall not interfere with the right of such party to introduce evidence upon any issue involved in such suit or proceeding, and the party so calling and examining such witness shall not be bound to accept such answers as true."
Prior to the enactment of the statute in 1909 (see Act No. 307, Pub. Acts 1909) either party to a civil action could be compelled to take the stand at the request of the other, 3 Comp. Laws 1929, § 14218, and the adverse party, when so called, became the witness of the party calling him, and like any other witness could be contradicted but not impeached. Thus, in Smith v. Smith, Sturgeon Co., 125 Mich. 234, Mr. Justice HOOKER, speaking for the court, said:
"We have consistently and uniformly held that while such a witness like any other called voluntarily, may not be impeached by the party calling him, his testimony may be contradicted."
Mr. Justice COOLEY, in a dissenting opinion inDarling v. Hurst, 39 Mich. 765, 770, pointed out, I think, the correct view when he said:
"I do not understand that a party by putting his adversary upon the stand, gives any peculiar force to the testimony he shall give over that which the *Page 410 
like testimony would have if given by other witnesses. He may preclude himself from entering upon an impeachment; but the testimony his adversary gives is subject, when received, to the same examination and construction with that of other witnesses. Nor are sweeping denials by him entitled to any force whatever if the facts he details shows them to be unfounded."
Added light is obtained from the language of two opinions of Mr. Justice CAMPBELL. He said in Roberts v. Miles, 12 Mich. 297,305 (1864):
"At the common law a party could not be a witness and could not discredit (although he might contradict) any witness whom he might call, unless that witness was one the law compelled him to produce. In equity he could never, after issue joined, examine as a witness any defendant against whom he desired a decree."
And later in Weber v. Jackson, 79 Mich. 175, 179 (1890) (19 Am. St. Rep. 165), he said:
"But it seems a little incongruous to claim that a party who puts a defendant on the stand for the express purpose of showing his fraud thereby gives him credit for honesty. This claim was set up in Roberts v. Miles, 12 Mich. 297, where it was held by this court that, whatever risks may be run in doing so, the testimony is to be judged according to its merits and creates no estoppel."
One of the cases decided shortly after the enactment of the statute of 1909 was Jones v. Railroad Co., 168 Mich. 1. There Mr. Justice OSTRANDER said (p. 15):
"The title would seem to be enough to show that these were not to be called as defendant's witnesses. They are there referred to as employees or agents of *Page 411 
the opposite party and as witnesses called in behalf of the party calling them. The act allows such witnesses to be cross-examined and contradicted by the party calling them. The provision that such calling shall not interfere with their right to contradict or deny the truth of their statements conferred no new right. This act does not give the right to make them the witnesses of the adversary of the party calling them."
The interpretation of the statute is clearly set forth in three opinions, the first by Mr. Justice FELLows, the second by Mr. Justice NELSON SHARPE, and the third by Mr. Justice WIEST:
"It will be sufficient that we say that under the terms of the statute, plaintiff was not bound by the testimony of this witness." Steele v. City of Ionia, 209 Mich. 595.
"Counsel for the plaintiff called the defendant for cross-examination under the statute (3 Comp. Laws 1915, § 12554). When he had concluded, counsel for the defendant examined him at length on the entire issue presented. After the defendant had rested, plaintiff was permitted, over the objection of defendant, to introduce testimony tending to impeach him. We think this was permissible." O'Dell. v. Day,214 Mich. 566, 570.
"What does the statute mean in giving 'the right to cross-examine such witness the same as if he were called by the opposite party?' The so-called 'orthodox rule' extending the right of cross-examination to all points material to issues involved, and not limiting it to matters brought out on direct examination, has ever prevailed in this State. People v.Barker, 60 Mich. 277 (1 Am. St. Rep. 501), and cases there cited. The legislature was aware of this rule and employed the term 'cross-examine' advisedly." Waller v. Sloan, 225 Mich. 600,603. *Page 412 
Later cases further interpret this phase of the statute:
"Such witnesses were thereby made witnesses of plaintiff and plaintiff is bound by their testimony except insofar as such testimony is disputed." Swank v. Croff, 245 Mich. 657, 658.
"Gahring was a witness for the plaintiff, not for the defendant; * * * she was bound thereby except so far as such testimony was contradicted." Fleegar v. Consumers Power Co.,262 Mich. 537, 541.
Critically examined, these later interpretations of the statute are also correct. They contain, however, the statement which is calculated to cause confusion, i. e., that the witness called for examination under the statute is a witness for the party who calls him. This confusion has arisen in the minds of practitioners because of the fundamental rule of evidence that each party impliedly vouches for the credibility of his witnesses, i. e., is bound by their answers. In short, the testimony of the opposite party, his employee or agent, called as a witness under the statute, is evidence in the case. The rule is correctly stated in Potter on Michigan Evidence, § 274, p. 464:
"Being in the case, such testimony is to be considered and it cannot be eliminated because called out on cross-examination."
But neither party, by calling a person for examination under the statute, makes that person his witness unless it be in the unimportant sense of having his testimony classified in the record with the plaintiff's or the defendant's witnesses, as the case may be.
The purpose of a trial is to bring out the whole truth in an orderly manner. Frequently, to do this, it becomes necessary to call an adverse party as a witness. The statute did not intend to bind the *Page 413 
party calling such witness so as to preclude impeachment, nor to prevent the refutation of false or erroneous testimony. Any other construction of the statute might lead to the suppression of the truth, and might result in the giving of testimony by the adverse party in direct contradiction of former statements made by him without the opportunity of impeachment. Frequently the adverse party may be the sole witness of an event, as in the instant case, and his testimony may on its very face appear to be false but still bind the examiner under any other construction of the statute. The statute was enacted for the purpose of eliciting the truth, not for suppressing it, and the greatest freedom should be given in bringing out the facts without any danger of being bound by testimony of an adverse witness who may testify falsely, for, as stated by Mr. Justice MOORE in Maki v. Mohawk Mining Co., 176 Mich. 497, 503:
"It is apparent from what we have quoted from the act that its purpose was to do away with a technical rule of evidence, and to facilitate getting at the facts of a given case, so that it might be tried upon its merits."
BUTZEL and EDWARD M. SHARPE, JJ., concurred with BUSHNELL, J.