DAHLERUP *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. Negligence—Discovery of Danger.

Normal persons must exercise their faculties for their own protection in order to avoid injury and must make reasonable use of their sight, hearing and intelligence to discover dangerous situations which may be presented.

2. Same—Due Care of Switching Crew—Contributory Negligence.

While some reliance might have been placed on duty of train crew switching cars on tracks of employer of plaintiff's decedent to ring a bell or sound a whistle on the train to warn of its approach, such reliance would not be absolute so as to relieve decedent from taking heed for his own safety while working near such tracks.

3. Same—Emergency.

An emergency does not relieve one whose own negligence has occasioned it.

4. Railroads—Contributory Negligence of Shipper's Employee —Emergency.

In action by administrator of estate of deceased employee of owner of tracks on which defendant railroad was switching cars at 7:20 a.m. early in December when vision without light was limited to about 12 feet, the contributory negligence of

decedent in working on a stack of boxes that had been placed too close to tracks and, when they began to topple, in placing himself on the tracks in front of cars being switched thereon by defendant, can not be excused on the ground of sudden emergency when he himself helped to create it.

5. WITNESSES—CROSS-EXAMINATION UNDER STATUTE.

The testimony of an adverse witness, called for cross-examination under the statute, is binding upon the party calling him, to the extent that the testimony was not disputed by any other testimony (3 Comp. Laws 1929, § 14220).

6. RAILROADS—CUSTOMS AND USAGES—EVIDENCE.

Evidence not only failed to establish that cars were switched onto tracks owned by employer of plaintiff's decedent at other times than was customary on morning deceased was fatally injured but that switching activities had ▴theretofore been carried on before and after that time so as to present a condition requiring him to be on the alert for his own safety.

7. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—FAILURE TO OBSERVE CARS BEING SWITCHED.

Trial court's finding of contributory negligence as a matter of law on part of plaintiff's decedent, an employee of corporation owning tracks upon which defendant railroad company was switching cars at 7:20 a.m. in December when vision without lights was about 12 feet, who was fatally injured while on tracks to which he had jumped as a stack of boxes, too near tracks and on which he had been working, started to topple, where it does not appear he made any observation for cars approaching from the rear, *held*, proper.

Appeal from Oakland; Doty (Frank L.), J.   Submitted April 8, 1947.   (Docket No. 1, Calendar No. 43,585.)   Decided October 13, 1947.

Case by Dorothy Dahlerup, administratrix of the estate of Hans Dahlerup, deceased, against Grand Trunk Western Railroad Company, a corporation, for damages for negligent death of decedent.   Directed verdict and judgment for defendant.   Plaintiff appeals.   Affirmed.

*Keeling, Bogue, Huthwaite & Becker* and *Charles Holman,* for plaintiff.

*H. V. Spike* and *Forbes B. Henderson (Patterson & Patterson,* of counsel), for defendant.

DETHMERS, J. Plaintiff's decedent, Hans Dahlerup, was an employee of the General Motors Corporation, engaged in his work for that corporation on its premises, on December 2, 1944, when he was struck by defendant's train, sustaining injuries which resulted in his death. He and a fellow workman were engaged in filling orders for certain boxes of stock. The desired boxes measured about 5 feet in length by 18 inches in width and 10 inches in depth and were located in a bin behind other boxes. The fellow workman operated a fork truck, by means of which he removed the front boxes and set them on a paved platform near the track on which the accident occurred. Then he reached the boxes desired by decedent and placed a stack of them, about five feet in height, on the platform approximately 30 inches from the nearest rail of the track. A number of the boxes in said stack were bound together by a band to permit their being hoisted without falling apart. Decedent did not want the top two boxes of the stack and, for that reason, broke the band, intending to remove them for return to the bin. While engaged in this operation he stood with his back toward the oncoming cars of defendant's train. When he broke the band some of the boxes in the stack began to fall. Plaintiff's proofs indicate either that decedent jumped onto the track in front of the approaching cars in order to escape the falling boxes or that for some other reason he placed himself upon the track with his back toward the approaching cars. These cars were being switched by defendant's workmen at a rate of speed of approximately four miles per hour. The accident occurred at 7:20 a.m. It was dark and

snowing at the time and vision without light was limited to about 12 feet. No whistle or bell was sounded by the train nor was there a light shown from the front of the advancing cars. The tracks were owned by the General Motors Corporation and defendant's employees were switching the cars thereon for the General Motors Corporation at its request and under a written agreement that the General Motors Corporation should not place or allow any obstruction to be placed within six feet of the nearest rail. A General Motors Corporation safety rule prohibited employees from placing anything within $5\frac{1}{2}$ feet from such rail. It is not shown that decedent was cognizant of either the agreement or the rule and we find it unnecessary in this case to consider the effect of the violation of either on plaintiff's right to recover.

The case was tried before a jury and at the conclusion of plaintiff's proofs defendant moved for a directed verdict, which motion was not then granted. After introducing its proofs the defendant renewed its motion and the court directed a verdict of no cause of action on the ground that plaintiff's decedent had been guilty of contributory negligence as a matter of law. The trial court based its position on the fact that, as viewed by it, the proofs showed that decedent and his co-worker had placed the boxes within 30 inches from the track, too close to leave clearance for cars travelling on the track, and that decedent was working on those boxes in such location and the further fact that plaintiff failed to prove that decedent looked in the direction of the approaching cars, either before or after getting onto the middle of the tracks, until it was too late.

Accepting plaintiff's proofs and the inferences to be drawn therefrom and viewing them in the light

most favorable to plaintiff, there is no escaping the fact that decedent's co-worker placed and decedent worked on the boxes in a position of peril 30 inches from the nearest rail where they would be struck by passing cars and that decedent thereafter placed himself in the center of the tracks with his back toward the train without having made any observation, insofar as the proofs show, for approaching cars. Normal persons must exercise their faculties for their own protection in order to avoid injury and must make reasonable use of their sight, hearing and intelligence to discover dangerous situations which may be presented. *Johnson* v. *City of Pontiac,* 276 Mich. 103; *Evans* v. *Orttenburger,* 242 Mich. 57; *Selman* v. *Detroit,* 283 Mich. 413.

Plaintiff urges, that a duty reposed on defendant's workmen to maintain a light on the front of the approaching cars and to ring a bell or sound a whistle on the train to warn of its approach, and plaintiff cites authorities to the effect that decedent had a right to rely upon their so doing. While decedent might properly place some reliance upon their complying with the law, doing their duty and exercising due care, such reliance might not be absolute so as to relieve decedent from taking heed for his own safety. *Union Trust Co.* v. *Railway Co.,* 239 Mich. 97 (66 A. L. R. 1515); *Paquette* v. *Consumers Power Co.,* 316 Mich. 501.

If it be urged that decedent was confronted by a sudden emergency, occasioned by the falling boxes, which induced him to jump for safety onto the track and that, therefore, he was not bound to exercise the same degree of care for his own safety as if the emergency had not existed, it must be remembered that decedent voluntarily undertook to work on the boxes in a position of peril when he could and should have seen that there was no clearance

for passing cars and when he should have foreseen, in that dangerous position, that in the event the boxes should fall upon his snapping the band, he would be confronted with an emergency requiring him either to permit the boxes to fall upon him or to jump onto the tracks. An emergency does not relieve one whose own negligence has occasioned it. *Meisenheimer* v. *Pullen,* 271 Mich. 509. Decedent's own contributory negligence can not be excused on the ground of sudden emergency when he himself helped to create it. *Savas* v. *Beals,* 304 Mich. 84.

Plaintiff's chief reliance appears to be placed upon authorities cited in support of the proposition that decedent had a right to rely upon custom. Plaintiff contends that, if the custom had been to switch cars on the track in question at a different time of day and not at the time at which it occurred when decedent was injured, the latter was not bound to anticipate or look out for danger of approaching cars at that time. One of plaintiff's witnesses testified that normally the defendant had started switching in there at 3 o'clock in the morning and that the witness had not observed trains on that track between 7 and 8 a.m. A second witness for plaintiff testified that to the best of his recollection defendant had done most of its switching there before 6 a.m., but that sometimes it did occur at 7:20 a.m. or later in the day. The testimony of these two witnesses, standing by itself, is insufficient to establish a custom to be relied upon by decedent. Plaintiff also called as an adverse witness for cross-examination under the statute* an employee of the defendant in charge of records of the switching time on the track in question. These records, qualified by said witness, established that switching was

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—Reporter.

done on that track any time from 4:05 a.m. to 8:35 a.m. and that on 6 days during the month preceding the accident switching was done on that track after 7 a.m., the hour at which decedent went to work. The testimony of this adverse witness, to the extent that it was undisputed by any other testimony, is binding upon plaintiff. *Snyder* v. *Johnson,* 264 Mich. 286; *Swank* v. *Croff,* 245 Mich. 657. Plaintiff clearly failed to establish the existence of a custom upon which decedent might rely so as to obviate the necessity for maintaining a lookout for or anticipating the approach of cars. On the contrary, the testimony establishes a condition in that respect, with which decedent must have been familiar by reason of his work at that location on previous days at that hour, which should have impressed him with the necessity for being on the alert for his own safety.

Plaintiff failed to introduce proofs from which a jury could conclude decedent's freedom from contributory negligence. We think, therefore, that the trial court properly held that the decedent must be deemed to have been guilty of contributory negligence as a matter of law.

Verdict and judgment affirmed, with costs in both courts to defendant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.