## HALL v. HORAK.

1. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT—PRE-
    PONDERANCE OF EVIDENCE.
    The judgment entered in a nonjury case will not be reversed
    by the Supreme Court unless the evidence preponderates against
    findings of fact by the trial judge, where the judgment is
    based on such findings.

2. TRIAL—NONJURY CASE—WEIGHT OF EVIDENCE.
    In a nonjury case the circuit judge is the trier of the facts
    and may give such weight to the testimony as in his opinion
    it is entitled to.

3. AUTOMOBILES—TAXICABS—NEGLIGENCE—FINDINGS—RECORD.
    Finding of trial court in nonjury case against taxicab owner
    and driver that latter was not negligent in respect to opera-
    tion of cab after plaintiff passenger had left the cab and had
    stepped down off the sidewalk at the rear of it *held*, supported
    by record.

4. EVIDENCE—OPPOSITE PARTY AS WITNESS—UNCONTRADICTED TESTI-
    MONY.
    Although a plaintiff is at liberty to contradict the testimony of a
    defendant called by plaintiff for cross-examination under the
    statute, the defendant's uncontradicted testimony is binding
    upon the plaintiff, where it is not inherently improbable or
    incredible (CL 1948, § 617.66).

5. SAME—PLEADING—OPENING STATEMENT—ADMISSIONS—EVIDENCE.
    Statement in defendants' answer and in opening statement that
    their taxicab was "moving slowly backward" at time plaintiff,
    a 64-year-old woman who had been a passenger in it, under-
    took to pass behind it was not inconsistent with taxicab driv-
    er's testimony that his cab may have rolled back a matter of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 3 Am Jur, Appeal and Error, §§ 896, 899.
[4] 58 Am Jur, Witnesses, § 864.

2 or 3 inches nor an admission that the cab was in reverse gear or that it struck plaintiff with such force as to break her leg.

6. AUTOMOBILES—TAXICABS—NEGLIGENCE—EVIDENCE.

Fact that plaintiff's leg was broken while she was behind defendants' taxicab from which she had shortly theretofore been discharged as a passenger did not necessitate finding that driver was negligent in putting gear in reverse where there is testimony that after she fell she was lying partly on the sidewalk and partly on the pavement and so close to cab as to indicate she had not been thrown by a car driven in reverse.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1950. (Docket Nos. 9, 10, Calendar Nos. 44,764, 44,765.) Decided December 5, 1950. Rehearing denied January 8, 1951.

Separate actions of case by Edith Hall and William B. Hall against Joseph Horak and David Haak for damages sustained in accident. Cases tried together. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Elmer H. Groefsema,* for plaintiffs.

*Edward N. Barnard,* for defendants.

CARR, J. These cases arise from an accident occurring February 27, 1948, on a public street in the city of Detroit. It is conceded that defendant Haak was the owner of a taxicab which was being used by the other defendant, with the knowledge and consent of the owner and in his business. Claiming that she had sustained personal injuries because of negligence on the part of the driver of the vehicle, plaintiff Edith Hall instituted an action in the circuit Court of Wayne county to recover damages. Her husband, William Hall, also sued to recover for medical expenses and for loss of his wife's services. The

cases were tried together before the court without a jury, and judgments entered in favor of defendants. Motions for new trials were made and denied. Plaintiffs have appealed, claiming that the factual findings of the trial judge were not supported by the proofs. For convenience and brevity we refer herein to Mrs. Hall as the plaintiff and to the driver of the taxicab as the defendant.

Plaintiff testified on the trial that she was 64 years of age. It was her claim that in the afternoon of the day in question she rode in defendant's taxicab from the Belcrest Hotel in the city of Detroit to a point on the west side of Washington boulevard approximately 70 feet north of the Michigan avenue crosswalk, that she left the cab and proceeded to a certain store, that thereafter she returned to the cab and inquired of defendant as to the time, that she then proceeded to the rear of the cab, and started to cross the street immediately behind the vehicle. At the moment the cab was standing still. Plaintiff testified in substance that she "stepped down off the curb 2 or 3 feet" to a point approximately at the middle of the rear bumper of the car when she was struck by it and knocked down. She claimed further that she did not hear or observe any warning indicating that the driver of the taxicab intended to back the vehicle. She testified that, although momentarily stunned, she recalled being picked up from the pavement at the center of the rear bumper and taken to a hospital.

A physician who treated plaintiff testified in her behalf as to the nature of the injuries sustained, which he described as a "plateau fracture of the upper end of the right tibia." The testimony of the witness further indicated that there was a depression of a portion of the upper part of the bone, and that an operation was performed to remedy the condition. Based on the testimony of plaintiff and her

medical witness, it is argued in her behalf that the injury was of such nature and location as to require the conclusion that she was struck violently on the right side of the knee by the rear bumper of defendant's cab, and that at the time of the impact the defendant must have been backing up with his vehicle in reverse gear.

Defendant was called by plaintiff for cross-examination under the statute (CL 1948, § 617.66 [Stat Ann § 27.915]). He testified that after plaintiff alighted from his cab he proceeded to make out a trip sheet, and that as he did so his foot was on the brake pedal and the car in neutral, standing about 4 inches from the curb. He claimed further that after completing the entries on the trip sheet he removed his foot from the brake pedal and started to shift into low gear with the intention of driving forward to Michigan avenue, that at that instant he heard a thump at the back of his cab, set the emergency brake, and went back to investigate. According to his testimony plaintiff was 5 or 6 inches behind the cab and was lying with half her body on the sidewalk and half on the pavement. He denied that he put the cab in reverse gear, testifying that it was not necessary to back up because there was nothing to prevent his proceeding forward. He stated further that he did not at the time know whether the street sloped in either direction, but that he kept his foot on the brake pedal as a matter of precaution and habit, and that when he released it the cab might have moved back slightly, not more than 2 or 3 inches. Defendant claimed that, prior to releasing the brake preparatory to shifting to low gear, he looked in his rearview mirrors to ascertain if there was any vehicle approaching from the rear or anyone behind his cab, and that he did not see the plaintiff.

After listening to the testimony, the trial judge concluded that plaintiff had failed to establish that

defendant was negligent as claimed by her. He also suggested in his opinion that, assuming negligence on the part of defendant, plaintiff was barred from recovery because she had failed to establish her freedom from contributory negligence. In view of the conclusion reached on the primary issue no specific finding was made with reference to plaintiff's alleged want of due care for her own safety.

It has been repeatedly declared by this Court that in a case tried before the judge without a jury and determined on the basis of findings of facts the judgment entered will not be reversed unless the evidence preponderates against such findings. *Shaver* v. *Associated Truck Lines,* 322 Mich 323. In *Re Karch's Estate,* 311 Mich 158, 162, it was said:

"At the outset plaintiff is confronted with the repeated declaration of this Court that where issues of fact have been decided by the circuit judge in a law case tried without a jury we do not reverse unless the evidence clearly preponderates in the opposite direction. The circuit judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. *Vannett* v. *Michigan Public Service Co.,* 289 Mich 212. It is the province of the trial judge in a nonjury case to draw legitimate inferences and weigh the probabilities from the established facts. *Hazen* v. *Rockefeller,* 303 Mich 536. The trial judge who heard the witnesses as trier of the facts is better able to judge of their credibility and the weight to be accorded their testimony, and we do not reverse unless the evidence clearly preponderates in the opposite direction. *Besh* v. *Mutual Benefit Health & Accident Association,* 304 Mich 343."

In the case at bar the trial judge came to the conclusion that defendant's testimony as to the operation of the taxicab was substantially correct, that there was no violation by defendant of any pertinent

provision of either the motor vehicle law of the State or the traffic ordinance of the city of Detroit, and that he was not negligent in any other respect, as claimed by plaintiff. We think that such conclusion finds adequate support in the record.

As before noted, defendant was called by plaintiff for cross-examination under the statute. Insofar as his testimony was not contradicted by other proofs in the case plaintiff was bound thereby. It may not be said that such testimony was inherently improbable or incredible. See *Schaupeter* v. *Schaupeter*, 317 Mich 84; *Dahlerup* v. *Grand Trunk Western Railroad Company*, 319 Mich 96. In *Re Estate of Taylor*, 271 Mich 404, it was said:

"When plaintiffs called defendant for cross-examination under the statute, defendant thereby became plaintiffs' witness. Plaintiffs are bound by his testimony except so far as it was disputed. In the consideration of defendant Taylor's testimony, plaintiffs may not select isolated portions thereof and claim a force and effect for such portions of his testimony which the whole of his testimony does not warrant. The testimony of the opposite party as a witness must be treated as a whole; and, when so treated, defendant's testimony negatives plaintiffs' claim. *Jones* v. *Railroad Co.*, 168 Mich 1; *Cook* v. *Railroad Co.*, 189 Mich 456; *Steele* v. *City of Ionia*, 209 Mich 595; *O'Dell* v. *Day*, 214 Mich 566; *Waller* v. *Sloan*, 225 Mich 600; *Swank* v. *Croff*, 245 Mich 657; *Fleegar* v. *Consumers Power Co.*, 262 Mich 537; *Snyder* v. *Johnson*, 264 Mich 286.

"As said in *Fleegar* v. *Consumers Power Co.*, *supra*:

" 'His testimony, being in the case, must be weighed and considered the same as that of any other witness (*City of Kalamazoo* v. *Standard Paper Co.*, 182 Mich 476); and though plaintiff was at liberty to contradict his testimony (*Cook* v. *Railroad Co.*, 189 Mich 456), she was bound thereby (*Aphores-*

*menos* v. *McIntosh,* 189 Mich 680), except so far as such testimony was contradicted (*Swank* v. *Croff,* 245 Mich 657).' "

On behalf of plaintiff it is argued that defendant's testimony was not consistent with alleged admissions in the answer to her declaration. Attention is called to a statement in said answer indicating that the cab was "moving slowly backward" at the time plaintiff undertook to pass behind it. Such statement is not inconsistent with defendant's testimony that the vehicle may have rolled back a matter of inches, and the statement may not be construed as an admission that the cab was in reverse gear, or that it struck plaintiff with such force as to inflict the injury sustained by her. It is further insisted that counsel for defendant in his opening statement to the court admitted that the cab struck the plaintiff, but an examination of the entire statement as set forth in the record discloses that counsel further indicated that it would be the contention of the defendant that the cab did not hit the plaintiff at all. Counsel in effect made the same statement that was in the answer, above mentioned. We are not in accord with the claim that such statements amounted to an admission that defendant was negligent in any of the respects charged by plaintiff.

It is also urged that the injury was of such character that it could not have been inflicted except by the bumper striking her while the cab was being operated in reverse. It is a fair inference that had plaintiff been struck in the manner and at the place claimed by her she would have been thrown back of the car upon the pavement. As before noted, she claimed that she was picked up back of the car, while defendant testified that she was lying partly on the sidewalk and partly on the pavement. If defendant's testimony in this respect is correct, the physical

facts are not inconsistent with the possibility that plaintiff, when she "stepped down" from the curb to the pavement may have slipped or stumbled in such manner as to strike the side of her knee against the bumper of the cab. The nature of plaintiff's injury and the attendant circumstances as indicated by the proofs do not require the conclusion that such injury was sustained in the manner claimed by her, and through defendant's fault. The question at issue is whether plaintiff established negligence, on the part of defendant, constituting the proximate cause of her injury. It cannot be said that the evidence in the case preponderates against the finding of the trial judge in this respect. See *In re Estate of Miller,* 300 Mich 703.

The judgments appealed from are affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.